**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LIONEL FRANCIS (#470626)**

**VERSUS**

**UNKNOWN BOEKER, ET AL .**

**CIVIL ACTION**

**NO. 16-496-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LIONEL FRANCIS (#470626)**

**VERSUS**

**UNKNOWN BOEKER, ET AL.**

**CIVIL ACTION**

**NO. 16-496-SDD-RLB**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Deputy Warden Stephanie Lamartiniere (R. Doc. 47). The Motion is opposed. *See* R. Docs. 49, 54, and 55.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against Stephanie Lamartiniere, Capt. Boeker, and Sgt. Rogers complaining that his constitutional rights were violated due to the use of excessive force, failure to protect him from the use of excessive force, and deliberate indifference to his serious medical needs.[1] Defendant Lamartiniere moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceeding including a conventionally filed audio recording, her own Affidavit, the Affidavit of Sgt. Morgan Rogers, the Affidavit of Captain Aurielle Boeker, a

---

[1] A review of the record reveals that defendants Capt. Boeker and Sgt. Rogers have not been served because the defendants' first names were needed in order for service to be accepted by the Department of Corrections. *See* R. Doc. 23. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. The plaintiff has been informed of the lack of service and has failed to take action to direct service on these defendants. *See* R. Doc. 23. The plaintiff was aware of the reason for lack of service and later obtained the first names of these defendants but did not attempt to amend his complaint or motion the court to extend the time for service. *See* R. Docs. 24 and 32. It is appropriate, therefore, that the plaintiff's claims asserted against Capt. Boeker and Sgt. Rogers be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

certified copy of LSP Directive 09.002 for Use of Force, a certified copy of the plaintiff's Conduct Report, and a certified copy of the plaintiff's medical and mental health records. The plaintiff opposes the Motion relying upon the pleadings and an unverified declaration.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended (R. Docs. 1, 5), the plaintiff alleges the following: On December 22, 2015, the plaintiff attempted to commit suicide by overdosing on pain pills. He was seen by an EMT and was sent to wait in the "bullpen." As the plaintiff was being escorted to the bullpen by Sgt. Rogers, he stopped walking because he had not yet been seen by a doctor or a psychiatrist. He asked why he had not been seen by a doctor or someone from mental health, and Sgt. Rogers responded in a hostile tone that, "He didn't have time for that sh*t." Sgt. Rogers then aggressively grabbed the plaintiff by his restraints, flipped him upside down, and slammed the plaintiff forcefully onto the floor onto the top of his left shoulder. The plaintiff remained on the floor due to excruciating pain caused by a cut on his left leg.

Moments later, defendant Lamartiniere and Capt. Boeker arrived and stood over the plaintiff as he lay on the floor in pain. Defendant Lamartiniere instructed Sgt. Rogers to pick the plaintiff up. Sgt. Rogers and three other staff members then picked the plaintiff up by his arms and leg shackles causing the plaintiff to flinch due to the injury to his left shoulder. The plaintiff was then dropped to the floor, and a staff member jumped onto the plaintiff and placed his knee in the plaintiff's back while applying pressure to the plaintiff's ankles. The plaintiff repeatedly yelled that he was not resisting, but the staff member continued to apply more force.

Another inmate, Derrick Scott, inquired as to why the plaintiff, a mental health inmate, was being mistreated and defendant Lamartiniere informed inmate Scott that the situation had "nothing to do" with him. Inmate Scott continued to question the treatment of the plaintiff, and defendant Lamartiniere the stated, "Okay, that's enough. Pick him up." Sgt. Rogers then picked the plaintiff up by his arms and leg shackles. The plaintiff screamed due to pain in his left shoulder, but was ignored and thrown into the bullpen. The plaintiff began hitting his head on

the door while stating that something was wrong with his shoulder, and threatened to continue doing so until he was provided with medical treatment and seen by someone from mental health.

The plaintiff was then taken out of the bullpen and his shoulder was x-rayed. The doctor stated that there was a slight dislocation of the left shoulder. The plaintiff was not seen by anyone from mental health.

Defendant Lamartiniere first asserts that the plaintiff's ADA claims are subject to dismissal because Plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.*, the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendant's motion is well-taken in this regard and should be granted. The plaintiff makes no

mention of any ADA claims in his grievance. *See* R. Doc. 47-6, p. 11-12. As such, defendant Lamartiniere was not provided with fair notice of the plaintiff's specific complaints against her with regards to the plaintiff's ADA claims.

Defendant Lamartiniere next seeks dismissal of the plaintiff's claims against her in her official capacity on jurisdictional grounds. In this regard, the defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claims asserted against defendant Lamartiniere in her official capacity, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against this defendant in her individual capacity remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

With regards to the plaintiff's claims against her in her individual capacity, defendant Lamartiniere asserts that she is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, defendant Lamartiniere contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[2]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims asserted against defendant Lamartiniere, the Court finds that motion for summary judgment should be granted. Specifically, the Court finds that there are no disputed questions of material

---

[2] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

fact regarding the plaintiff's claims for failure to protect from the use of excessive force and deliberate indifference to his serious medical needs.

Turning first to the plaintiff's claim that defendant Lamartiniere failed to intervene in the use of excessive force by Sgt. Rogers and other staff members, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

A defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir. 1995). However, the plaintiff has failed to provide competent summary judgment evidence showing that excessive force was used against him.

The competent summary judgment evidence submitted by defendant Lamartiniere establishes the following: On December 22, 2015, the plaintiff was being escorted by Sgt. Rogers to the cellblock at the Treatment Center when the plaintiff tried to slip out of his leg restraints by sliding his restraint belt down. To secure the plaintiff, Sgt. Rogers grabbed the restraint belt which, in conjunction with the plaintiff's actions, resulted in the plaintiff falling forward. Sgt. Rogers activated his beeper and other personnel arrived to assist in restraining the plaintiff. Sgt. Rogers did not observe anyone kicking, jumping on, or kneeing the plaintiff and did not personally do so. The plaintiff was placed in a cell and was seen by medical and mental health staff. Only the minimal amount of force necessary to bring the plaintiff into compliance was utilized. *See* R. Doc. 47-4. Additionally, by the time defendant Lamartiniere arrived at the treatment center the incident was already over and was under control and she did not observe any actions requiring her intervention. *See* R. Doc. 47-3.

Although the plaintiff has filed an opposition, the plaintiff has not submitted any competent summary judgment evidence.[3] Rather, the plaintiff relies upon the pleadings. In the

---

[3] His complaint is unverified, and thus it is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's Complaint contains no such averral. The plaintiff has also submitted his own Declaration in opposition to the defendants' Motion for Summary Judgment, but an unsworn declaration is not competent summary judgment evidence unless it contains statements that it was "made under penalty of perjury" and is verified as "true and correct." *See* 28 U.S.C. § 1746; *Nissho-IwaiAm Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); and *Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale*, 2013 WL 6834381 at *5 (M.D. La. 2013). The plaintiff's

context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). Despite notice and an opportunity to appear, the plaintiff, by relying on the pleadings, has not come forward with a sufficient opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof.

As such, there is nothing before the Court which tends to dispute the defendant's assertions that excessive force was not utilized and defendant Lamartiniere did not witness any actions requiring her intervention. Accordingly, based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the moving defendant is entitled to summary judgment as a matter of law.

For the same reasons, defendant Lamartiniere is entitled to summary judgment with regards to the plaintiff's claims of deliberate indifference to his serious medical needs. A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the

---

Declaration is insufficient and is likewise not competent summary judgment evidence. Additionally, even if the plaintiff's Declaration was made under penalty of perjury, it would be insufficient to defeat the instant Motion as the statements therein are entirely conclusory, and the allegations which the plaintiff asserts are true and correct pertain to a disciplinary proceeding which is not relevant to the instant matter and the remaining allegations are conclusory. *See* R. Docs. 54 – 54-2.

official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The competent summary judgment evidence submitted by defendant Lamartiniere establishes that, at the time in question, she was employed as an Assistant Warden at the Treatment Center hospital. Her role was dealing with personnel and administrative issues and ensuring that Departmental and Institutional Policies and Procedures were followed. Defendant Lamartiniere did not arrive until the incident was under control. *See* R. Doc. 47-3. Additionally, following the incident the plaintiff was seen by medical and mental health staff. *See* R. Doc. 47-4.

With regards to this claim, the plaintiff again relies entirely upon the pleadings. Accordingly, based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce

supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the moving defendant is entitled to summary judgment as a matter of law.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, upon a consideration of the claims remaining before the Court, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## **RECOMMENDATION**

It is recommended that the plaintiff's claims asserted against Capt. Boeker and Sgt. Rogers be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.  It is further recommended that the Motion for Summary Judgment (R. Doc. 47), filed on behalf of defendant Stephanie Lamartiniere be granted and that the plaintiff's ADA claims asserted against this defendant be dismissed, without prejudice, for failure to exhaust administrative remedies, and all remaining claims against this defendant be dismissed, with prejudice.  It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 2, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**