UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LIONEL FRANCIS (#470626)**  CIVIL ACTION

**VERSUS**

**UNKNOWN BOEKER, ET AL.**  NO. 16-496-SDD-RLB

## RULING AND ORDER

This matter has been remanded to the Court solely for the Court to consider whether defendant Lamartiniere is entitled to summary judgment in light of the facts asserted in the plaintiff's Declaration (R. Doc. 64-1, p. 12-13). The plaintiff asserts that defendant Lamartiniere failed to intervene in the use of excessive force by Sgt. Rogers and other staff members. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

A defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir. 1995). The Fifth Circuit has reiterated that "an officer may be liable under §1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.' " *See,*

F.3d 631, 646 (5th Cir. 2013), quoting *Randall v. Prince George's County., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). *See also*, *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 480 (5th Cir. 2014).

A reasonable opportunity to intercede and prevent the constitutional violation is "[t]he focus of the bystander-liability inquiry." *Malone v. City of Fort Worth, Tex.*, Civil Action No. 4:09-CV-634, 2014 WL 5781001, *16 (N.D. Tex. Nov. 6, 2014). In resolving whether a plaintiff has sufficiently alleged a bystander liability claim, the court also considers whether an officer has acquiesced in the alleged constitutional violation. *Whitley v. Hanna, supra*, 726 F.3d at 646, citing *Hale v. Townley, supra*, 45 F.3d at 919. A bystander officer's liability is analyzed under a "deliberate indifference standard," that requires a plaintiff to demonstrate that the officer actually knew of an excessive risk to the inmate's safety and disregarded that risk. *Oby v. Sander*, Civil Action No. 4:14cv45, 2015 WL 4496426, *3 (N.D. Miss. July 23, 2015). Mere negligence or even gross negligence is not enough. *See, E.A.F.F. v. Gonzalez*, 600 Fed. Appx. 205, 210 (5th Cir.), *cert. denied*, 135 S.Ct. 2364 (2015). The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, the plaintiff states in his Declaration that, when defendant Lamartiniere saw the plaintiff on the floor, she instructed Sgt. Rogers and other staff members to pick the plaintiff up from the floor. After the plaintiff was picked up and again ended up on the floor with various security officers restraining him, defendant Lamartiniere again instructed Sgt. Rogers and other staff members to pick the plaintiff up from the floor.

As such, the plaintiff's Declaration makes it clear that defendant Lamartiniere did not acquiesce in the alleged use of excessive force, disregard the risk to the plaintiff, or choose not to act. Rather, the plaintiff states that defendant Lamartiniere intervened on two separate occasions. Considering the plaintiff's Declaration, defendant Lamartiniere is entitled to summary judgment. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (R. Doc. 47) filed on behalf of defendant Lamartiniere is granted, dismissing the plaintiff's claims against defendant Lamartiniere with prejudice.

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction in connection with any potential state law claims, and this action is dismissed in its entirety. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 23rd day of June, 2020.

_Shelly D. Dick_
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**